Bernard B. Freedman, Esq. Informal Opinion No. 99-16 Royalton Hartland Central School District 2858 Delaware Avenue Kenmore, N Y 14217
Dear Mr. Freedman:
You have inquired, on behalf of a Central School District, whether the district may reduce the dollar limit on gifts to officers or employees of the district provided by section 805-a of article 18 of the General Municipal Law. Further, you have asked whether the district may prohibit all gifts. Section 805-a(1)(a) provides that:
 No municipal officer or employee shall: a. directly or indirectly, solicit any gift, or accept or receive any gift having a value of seventy-five dollars or more, whether in the form of money, service, loan, travel, entertainment, hospitality, thing or promise, or in any other form, under circumstances in which it could reasonably be inferred that the gift was intended to influence him, or could reasonably be expected to influence him, in the performance of his official duties or was intended as a reward for any official action on his part.
School districts are included within the definition of municipality and, therefore, are covered by section 805-a. General Municipal Law §800(4).
In our view, the school district may include within its code of ethics a more stringent gift provision, including, for example, a prohibition on receipt of any gift by officers or employees of the district while exercising, or in relation to, their official duties or from persons with an official relationship with the district. Under section 806
of the General Municipal Law, the governing body of a school district is required to adopt a code of ethics setting forth for the guidance of its officers and employees the standards of conduct reasonably expected of them. Section 806 generally describes areas to be covered within a code of ethics. In addition, section 806 provides that codes of ethics "may regulate or prescribe [sic] conduct which is not expressly prohibited by this article but may not authorize conduct otherwise prohibited." In our view, a stricter gift provision falls within this authorization. We note that section 805-a(1)(a) includes standards that are difficult to apply. Also, behavior permissible under that section, depending on the specific facts, may constitute crimes under the Penal Law, such as bribery. Penal Law § 200.35. A stricter gift provision is consistent with the purpose of section 805-a(1)(a) and the overall purpose of article 18 of the General Municipal Law to ensure integrity of officials and public confidence in government.
We conclude that a school district may include within its code of ethics a prohibition on gifts to officers and employees of the district that is more stringent than provisions of State law.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General
In Charge of Opinions